**UNITED STATES DISTRICT COURT**
**Western District of Texas**
**Austin Division**

| | | |
|---|---|---|
| JOHN SERNA, | § | |
| | § | |
| *Plaintiff* | § | CASE NUMBER: 1:cv-18-222 |
| | § | |
| v. | § | |
| | § | |
| NATIONAL M C A, INC. | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

1.      Plaintiff John Serna brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain actual damages, statutory damages, costs and reasonable attorney's fees for the Defendant's violations of the FDCPA and the TDCA.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a).

3.      Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendants transacts business in this district.

## THE PARTIES

4.      Plaintiff John Serna ("**Plaintiff**") is an individual who resides in Travis County, Texas.

5.      Defendant  National M C A, Inc. ("**MCA**") is a foreign limited liability company organized and existing under the laws of the state of New York. MCA's principal office is located at 2829 Wehrle Drive, Suite 11A, Williamsville, NY 14221.

## FACTUAL ALLEGATIONS

6.      Plaintiff is a natural person.

7.      Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes ("alleged debt") from First Cash Pawn, Inc.

8.      The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

9.      The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

10.     Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

11.     Plaintiff is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

12.     Plaintiff did not pay the alleged debt, and it went into default.

13.     On information and belief, after default, First Cash Pawn, Inc. assigned or transferred the alleged debt to MCA.

14.     MCA regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

15.     MCA is a "debt collector" as defined by  § 1692a(6) of the FDCPA.

16.     MCA is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

17.     On information and belief, on or about June 24, 2017, MCA attempted to collect a debt by leaving a voice message.

18.     The message was as follows:

"This message is for Steven... Said the wrong... Steven Richard Horowitz contacting.

Reason for the call is I was contracted to serve a summons issuement [sic] today for John

Serna. [unintelligible] Palm Valley. One of the parties listed notified. If you could get an

urgent message to him. I need him to contact the filing office as to the bad check

issuement [sic] that was filed against him by A+ Federal. Apparently put you down as a

reference. If you could please get him a message. Have him call the office of a Mr.

Morgan immediately, please, at 800-606-8429, and refer to index 1787b. Any

[unintelligible] give him a message is definitely in his best interest. Thank you."

19.     Plaintiff was alarmed, distressed, upset and embarrassed by this voice mail.

20.     Plaintiff reasonably believed that the voice mail was a threat to file both a civil

lawsuit and seek criminal charges.

21.     Plaintiff call the number provided and was told he had contacted a company

called National M C A, Inc.

22.     During that phone call, MCA communicated information to Plaintiff that could

only been known from his transaction with First Cash Pawn, including his social security number

and bank account number.

## COUNT I. VIOLATIONS OF THE FDCPA § 1692e(3) - FALSE REPRESENTATION (LAWYER)

23.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

24.     The FDCPA, §1692e(3), states as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(3) The false representation or implication that any individual is an attorney or hat any communication is from an attorney.**

25.     MCA's June 24th, 2017 voice mail implies that a lawyer has requested summons

to issue in a civil case.

26.     MCA is not a law firm.

## COUNT II. VIOLATION OF THE FDCPA § 1692e(5) - FALSE REPRESENTATION (ACTION NOT INTENDED TO BE TAKEN)

27.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28.     The FDCPA, § 1692e(5), states as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(5) The threat to take any action that cannot legally be taken or is not intended to be taken.**

29.     MCA's June 24th, 2017 voice mail was a threat to file a lawsuit, an action that

neither MCA or First Cash Pawn intended to take.

## COUNT III. VIOLATION OF FDCPA § 1692e(10) - FALSE REPRESENTATION (GENERAL FALSE REPRESENTATION)

30.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31.     The FDCPA, § 1692e(10), states as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

32.     MCA's June 24th, 2017 voice mail was a false representation that a lawsuit had

been filed against Plaintiff and that a process server was attempting to serve him.

33.     No lawsuit was filed against Plaintiff in connection with this alleged debt and so

no summons could be issued.

34.     The purpose of this false representation was to frighten Plaintiff into paying.

## COUNT IV. VIOLATION OF FDCPA § 1692e(14) - FALSE REPRESENTATION (TRUE NAME)

35.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

36.     The FDCPA, § 1692e(14), states as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.**

37.     MCA's June 24th, 2017 voice mail directed Plaintiff to contact the Office of Mr.

Horowitz.

38.     The Office of Mr. Horowitz is not the true name of MCA.

## COUNT V. VIOLATION OF FDCPA §1692g(a) - FAILURE TO DISCLOSE

39.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

40.     MCA's June 24th, 2017 voice mail was MCA's initial communication with

Plaintiff.

41.     MCA's June 24th, 2017 voice mail did not include the information required by §

1692g(a)(1) - (5).

42. MCA did not send a written notice containing the information required by § 1692g(a)(1) - (5) within five days after the initial communication.

### COUNT VI. VIOLATION OF TDCA § 392.304(a)(1) - TRUE NAME

43. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

44. The Office of Mr. Horowitz is not the true business or professional name of MCA.

### COUNT VII. VIOLATION OF TDCA 392.304(a)(5)(A) - FAILURE TO DISCLOSE

45. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

46. MCA's initial communication with the debtor did not disclose the information required by §392.304(a)(5)(A).

### COUNT IX. VIOLATION OF TDCA § 392.304(a)14 -FALSE REPRSENTATION (STATUS OR NATURE)

47. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

48. MCA's voicemail falsely represented that status or nature of the services rendered by the debt collector or the debt collector's business.

### COUNT X. VIOLATION OF TDCA § 392.304(a)(16) - FALSE REPRESENTATION (LAW FIRM)

49. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

50. MCA's voicemail purported to be from an attorney or law firm when it was not.

### COUNT XI. VIOLATION OF TDCA § 392.304(a)(19) - FALSE REPRESENTATION (GENERAL)

51. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

52. Taken as a whole, MCA's voicemail was a false or deceptive means to collect a debt.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Tyler Hickle
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
**Law Office of Tyler Hickle, PLLC**
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tylerhickle@hicklelegal.com